Opinion issued February
23, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-11-00109-CR

          01-11-00110-CR

          01-11-00111-CR

———————————

Maurice Dean Schruben, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 185th District
Court

Harris County, Texas



Trial Court Case Nos. 1260196, 1260197 & 1292468

 



 

 

MEMORANDUM OPINION

 

          Maurice Dean Schruben was convicted by
a jury of two offenses of aggravated sexual assault[1]
and one offense of indecency with a child.[2]
 The jury assessed punishment in both
aggravated‑sexual‑assault offenses at 20 years’ confinement and in
the indecency‑with‑a‑child offense at 10 years’ confinement,
all sentences to run concurrently.  In one
point of error, Schruben contends the trial court erred in limiting the scope
of his expert witness’s testimony, violating his Fifth, Sixth, and Fourteenth
Amendment rights.  We affirm.

          At trial, Schruben
called Dr. Carmen Petzold, a psychologist, as an expert witness on child
behavior.  The trial court allowed Petzold
to testify generally that a child can have false memories caused by repeated
interviewing in a forensic setting, but barred Petzold from testifying about
what happened in the specific interviews. 
Schruben did not make an offer of proof of Petzold’s excluded testimony.

          The
State argues that Schruben has waived any error by not making an offer of proof
of Dr. Petzold’s excluded testimony.  Tex. R. Evid. 103(a)(2).  We agree. 
Even were the error not waived, an expert may not offer a direct opinion
on the truthfulness of a child’s testimony. 
See Yount v. State, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993).  Furthermore, Schruben testified that the
child complainant lied about the indecency and sexual assault offenses because
the complainant was upset Schruben did not allow the complainant to go on a
trip to Central America.  Without an
offer of proof, it is not possible on appeal to determine what harm, if any,
the excluded testimony would have caused.

          We overrule the sole point of error.

          We affirm the judgments of the trial
court in appellate case
numbers 01‑11‑00109‑CR and 01‑11‑00110‑CR.  In appellate case number 01‑11‑0111‑CR, the
judgment incorrectly states the following: “The age of the victim at the time
of the offense was 14 years.”  The record
reflects that the complainant was 13 at the time of the offense, and this is
not disputed on appeal.  Accordingly, we
modify the trial court’s judgment in appellate case number 01‑11‑00111‑CR
by replacing “The age of the victim at the time of the offense was 14 years.”
with “The age of the victim at the time of the offense was 13 years.”  As so modified, we affirm.  See





 

Tex. R. App. P. 43.2(b).

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do not
publish.  Tex. R. App. P. 47.2(b).











[1]         The
first aggravated‑sexual‑assault offense was committed on October
10, 2001, trial court case number 1260196
and appellate case number 01‑11‑00109‑CR.  Act of May 28, 2003, 78th Leg., R.S., ch.
528, § 1, sec. 22.021(a)(1)(B) (i), (2) (B), 2003 Tex.
Gen. Laws 1805, 1806 (former Tex. Penal Code § 22.021(a)(1)(B)(i),
(2)(B), since amended).  The second aggravated‑sexual‑assault‑offense
was committed on September 9, 2008, trial court case number 1292468 and appellate case number 01‑11‑00111‑CR.  Tex. Penal
Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2011).

 





[2]         The
indecency‑with‑a‑child offense was committed on November 4,
2003, trial court case number 1260197
and appellate case number 01‑11‑00110‑CR.  Act of May 23, 2001, 77th Leg., R.S., ch.
739, § 2, sec. 21.11(a)(1), (c)(1), 2001 Tex. Gen.
Laws 1463, 1463 (former Tex. Penal Code § 21.11(a)(1),
(c)(1), since amended).